**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-CV-23294-ELFENBEIN

**VALENCIA ESTATES HOMEOWNERS'**
**ASSOCIATION, INC.**,

    Plaintiff,

v.

**ELIZABETH HAZAN**, *et al*,

    Defendants.

_____/

**ORDER EXPLANING MAGISTRATE JUDGE JURISDICTION AND**
**PROVIDING INSTRUCTIONS TO *PRO SE* LITIGANT**

Pursuant to Administrative Order 2025-11 ("Administrative Order"), because this case includes as a party "a non-prisoner *pro se*" litigant, the undersigned United States Magistrate Judge has been assigned as the presiding judge for all purposes, including entering dispositive orders, presiding over any trial, and entering a final judgment. The Administrative Order permits any party to opt out of Magistrate Judge jurisdiction "by filing a motion for case reassignment within the deadline given to the parties by the assigned Magistrate Judge." Any party is free to opt out of Magistrate Judge jurisdiction without any adverse consequences whatsoever. *See* S.D. Fla. L.R. 3(b)(2) ("No Magistrate Judge, District Judge, or other Court official may attempt to persuade or induce any party to consent to the reference of any matter to a Magistrate Judge."). A sample Motion for Case Reassignment is included at the end of this order.

If either party files a Motion for Case Reassignment, a United States District Judge will be randomly reassigned to preside over this case. Although the District Judge will then preside

over any trial and enter any dispositive orders (including a final judgment), the undersigned Magistrate Judge will remain assigned to the case and will handle any matters referred by the District Judge. The decision about whether to proceed under Magistrate Judge jurisdiction or to opt out and proceed before a District Judge is an important one. There are upsides and downsides to each option.

Proceeding before a Magistrate Judge streamlines the legal review process because the United States Court of Appeals for the Eleventh Circuit decides any appeal from the Magistrate Judge's final order or judgment. That streamlined review process may speed up the overall resolution of the Parties' litigation, though there is no guarantee that cases proceeding before a Magistrate Judge will progress faster than cases proceeding before a District Judge.

Proceeding before a District Judge, on the other hand, may give the Parties an additional level of review. That is because, if the District Judge refers any matters to the Magistrate Judge for a Report and Recommendation ("R&R"), the Parties are allowed to object to the R&R. The District Judge then reviews any objections and decides whether to adopt or reject the Magistrate Judge's R&R. When the District Judge ultimately issues a final order or judgment, the United States Court of Appeals for the Eleventh Circuit decides any appeal from the District Judge's final order or judgment.

Simply put, Parties proceeding before a Magistrate Judge have one layer of review (from the Eleventh Circuit), while Parties proceeding before a District Judge may have two layers of review (from the District Judge for any matters referred to the Magistrate Judge and from the Eleventh Circuit for any final order or judgment of the District Judge). The choice between those two options is entirely up to the Parties.

In light of the foregoing, it is hereby **ORDERED** as follows:

CASE NO. 25-CV-23294-ELFENBEIN

1. Any Parties that have already appeared in this case, if they wish to opt out of Magistrate Judge jurisdiction, must file a Motion for Case Reassignment **no later than 14 days after the entry of this Order**.

2. Any Parties that enter appearances in this case after the entry of this Order, if they wish to opt out of Magistrate Judge jurisdiction, must file a Motion for Case Reassignment **no later than 14 days after their appearance**. The Court considers the filing of any document on the docket to be an appearance. *See Roell v. Withrow*, 538 U.S. 580, 591 (2003) (noting that a party in practice consents to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c) if the party generally appears before the Magistrate Judge after it has been told of its right to be tried by a district judge).

3. If either party files a Motion for Case Reassignment, the Motion does not need to be supported by a memorandum of law, *contra* S.D. Fla. L.R. 7.1(a)(1), and does not require a conferral certification, *contra* S.D. Fla. L.R. 7.1(a)(2).

4. If no party files a Motion for Case Reassignment within these timeframes, then it shall be deemed as consent to Magistrate Judge jurisdiction over all aspects of the case, including any trial, dispositive orders, and the final judgment, and this case will proceed in full before the undersigned Magistrate Judge. To be clear, under such circumstances, the undersigned Magistrate Judge will preside over any trial and enter any dispositive order or final judgment.

5. *Pro se* litigants, like all litigants, must comply with the rules of civil procedure and the Court's orders. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that *pro se* litigants must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure"). Defendants Elizabeth Hazan and Sean Neil Hazan, *pro se* litigants, shall comply with all Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida.

CASE NO. 25-CV-23294-ELFENBEIN

The Local Rules may be obtained from the Clerk of the Court or at https://www.flsd.uscourts.gov/local-rules-and-procedures. Failure to comply with the federal and local rules may result in sanctions being imposed against *pro se* litigants. Some of the requirements of these rules are as follows:

a. Every pleading, motion, memorandum, or other paper required and/or permitted to be filed with the Court must be filed directly with the Clerk of the Court. No letters, pleadings, motions, or other documents may be sent directly to the District Judge (in non-consent cases) or Magistrate Judge's chambers. Any papers improperly delivered directly to chambers will be returned and disregarded by the Court.

b. All papers filed must include the case style, case number, and appropriate title in the format required by the Local Rules. The signature block of each pleading must also contain the *pro se* litigant's name, address, and telephone number. A Sample Form showing the proper format of court filings can be found by clicking the "Title of Document/Service List (Sample)" link at: https://www.flsd.uscourts.gov/forms/all-forms/local_rules_forms. *See* S.D. Fla. L.R. 5.1.

c. All papers filed with the Clerk of Court must also be served on the opposing counsel, or the opposing side if the opposing side is not represented by counsel. Each filing must include a certificate of service indicating the name and address of the attorney served.

d. Litigants must **promptly** notify the Court of any change in address by filing a "Notice of Change of Address," which also must be served on opposing counsel. **Further, *pro se* litigants are required to supply the Court with their email address(es) and telephone number(s) to facilitate communication and the timely receipt of Court orders.**

e. *Pro se* litigants can consent to receive notices electronically as explained in Section 2C of

    the CM/ECF Administrative Procedures, which can be found here: https://www.flsd.uscourts.gov/sites/flsd/files/24-11-04%20CMECF%20Administrative%20Procedures%20-%20effective%2012-2-2024%20-%20FINAL.pdf. Specifically, "[p]ro se litigants (non-prisoner) interested in receiving notices electronically must file the form 'Consent by Pro Se Litigants (Non-Prisoner) to Receive Notice of Electronic Filing' which can be found on the Court's website" here: https://www.flsd.uscourts.gov/sites/flsd/files/forms/Consent%20by%20Pro%20Se%20Litigant%20%28Non-Prisoner%29%20to%20receive%20NEFs.pdf.

f. A *pro se* litigant who wishes to oppose a motion must respond in writing within the time periods provided by the rules of procedure.

g. Litigants and their family, friends, or acquaintances may not call the Judge's chambers for legal advice about the case. Brief case status information contained on the docket sheet may be available from the Clerk of Court.

h. A *pro se* litigant bears responsibility for actively pursuing his or her case and must obtain any essential discovery, file all necessary pleadings and motions, comply with all scheduling orders, and prepare the case for trial.

i. Although a *pro se* litigant is not entitled to the appointment of counsel in a civil case, a *pro se* litigant may request to participate in the Volunteer Attorney Program of the U.S. District Court for the Southern District of Florida by filing a motion for referral to Volunteer Attorney Program, which can be found at https://www.flsd.uscourts.gov/How-Request-Volunteer-Attorney-Pro-Bono. The Court in its discretion may grant the motion and direct the case to be placed on an online list of available cases for consideration by volunteer attorneys, although there is no guarantee that an attorney will volunteer to take the case.

CASE NO. 25-CV-23294-ELFENBEIN

**DONE and ORDERED** in Chambers in Miami, Florida on July 23, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:

**Elizabeth Hazan**
6913 Valencia Drive
Miami, FL 33109
*PRO SE*

**Sean Neil Meehan**
6913 Valencia Drive
Miami, FL 33109
*PRO SE*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-23294-ELFENBEIN

**VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC.**,

    Plaintiff,

v.

**ELIZABETH HAZAN**, *et al*,

    Defendants.
_____/

## MOTION FOR CASE REASSIGNMENT TO A DISTRICT COURT JUDGE

Pursuant to Administrative Order 2025-11, [Plaintiff(s)/Defendant(s)] [Party Name(s)] respectfully [move/moves] for reassignment to a District Court Judge because [he/she/it] [does/do] not consent to Magistrate Judge Jurisdiction in this case.

 

**Name**
Street Address
City, State, Zip Code
Phone Number
Email Address
*Pro Se*