**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 1:25-cv-23294-MFE

VALENCIA ESTATES HOMEOWNERS'
ASSOCIATION, INC.,
     Plaintiff,

vs.

ELIZABETH HAZAN, et al.,
     Defendants.

_____/

## NOTICE OF PENDING, REFILED, RELATED OR SIMILAR ACTIONS

Plaintiff, VALENCIA ESTATES HOMEOWNERS' ASSOCIATION INC. (the "**Association**" or "**Plaintiff**"), by and through undersigned counsel and pursuant to Southern District of Florida Local Rule 3.8[1], files this Notice of Pending, Refiled, Related or Similar Actions and states as follows:

1.     Pursuant to Local Rule 3.8 for the United States District Court for the Southern District of Florida and Internal Operating Procedure 2.15.00(C) for the United States District Court for the Southern District of Florida, Plaintiff provides notice of the following related or similar actions:

| | |
|---|---|
| **Related Case Court:** | United States District Court for the Southern District of Florida |
| **Related Case Judge:** | The Honorable Darrin P. Gayles |
| **Related Case Number:** | 1:23-cv-24780-DPG |
| **Related Case Style:** | *Valencia Estates Homeowners' Association, Inc.,* plaintiff, *vs. Elizabeth Hazan, et al.*, defendants, Case No. 2022-005424-CA-01 |

_____

[1] Plaintiff's counsel is merely complying with his duties and obligations under Southern District of Florida Local Rule 3.8 to bring "prompt attempt" to the Court and opposing parties. This filing in no way serves as a waiver by Plaintiff to be subject to or consenting to the jurisdiction of this Court. Plaintiff is preparing and will file a motion for injunction, motion for sanctions, and motion to remand.

-And-

| Related Case Court: | United States District Court for the Southern District of Florida |
|---|---|
| Related Case Judge: | The Honorable Roy K. Altman |
| Related Case Number: | 1:24-cv-24879-RKA |
| Related Case Style: | *Valencia Estates Homeowners' Association, Inc.*, plaintiff, *vs. Elizabeth Hazan, et al.*, defendants, Case No. 2022-005424-CA-01 |

-And-

| Related Case Court: | United States District Court for the Southern District of Florida |
|---|---|
| Related Case Judge: | The Honorable Marty Fulgueira Elfenbein |
| Related Case Number: | 1:25-cv-21283-MFE |
| Related Case Style: | *Valencia Estates Homeowners' Association, Inc.*, plaintiff, *vs. Elizabeth Hazan, et al.*, defendants, Case No. 2022-005424-CA-01 |

2.     Elizabeth Hazan ("**Hazan**") and Sean Meehan ("**Meehan**") filed a notice of removal and initiated Case No.: 1:23-cv-24780-DPG ("**First Removal Action**") before The Honorable Darrin P. Gayles for the underlying litigation pending before the Circuit Court of the Eleventh Judicial in and for Miami-Dade County, Florida ("**State Court**") styled as *Valencia Estates Homeowners' Association, Inc.,* plaintiff*, vs. Elizabeth Hazan, et al.*, defendants, Case No. 2022-005424-CA-01(the "**Original Proceeding**"). Judge Gayles remanded the Original Proceeding back to the State Court. Attached hereto as **Exhibit 1** is a true and correct copy of the Order entered in the First Removal Action.

3.     On December 13, 2024, Meehan filed a notice of removal and initiated Case No.: 1:24-cv-24879-RKA ("**Second Removal Action**") before The Honorable Roy K. Altman for the

Original Proceeding.   Judge Alman remanded the Original Proceeding back to State Court. Attached hereto as **Exhibit 2** is a true and correct copy of the Order Remanding Case entered February 5, 2025; attached hereto as **Exhibit 3** is a true and correct copy of the Order entered March 11, 2025.

4.     On March 19, 2025, Meehan filed a notice of removal and initiated Case No.: 1:24-cv-24879-RKA ("**Third Removal Action**") before The Honorable Marty Fulgueira Elfenbein. Magistrate Judge Elfenbein remanded the Original Proceeding back to State Court. Attached hereto as **Exhibit 4** is a true and correct copy of the Order entered in the Third Removal Action.

5.     In compliance with the Local Rule 3.8 of the Local Rules for the Southern District to Florida and without waiving or consenting to the jurisdiction of this Court, Plaintiff submits that this action is a "similar action" to the First Removal Action and Section Removal Action as that term is used in the Southern District of Florida IOP 2.15.00(C). Specifically, Original Proceeding is the underlying state court litigation in both the First Removal Action, the Section Removal Action, and this action.

Dated: July 24, 2025                          Respectfully Submitted,

> **BARRY S. TURNER P.A.**
> *Counsel for Plaintiff*
> PO Box 330189
> Miami, Florida 33233-0189
> Phone: (305) 699-4392
> Email: bt@bstpa.com
>
> By:  /s/ *Barry S. Turner*
>        Barry S. Turner, Esq.
>        Fla. Bar No. 85535

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on July 24, 2025,  I electronically filed the foregoing via CM/ECF and by automatic emails generated through the E-Filing Portal System and served the foregoing document on the following parties:

Elizabeth Hazan
6913 Valencia Drive
Miami, FL 33109
*Pro se Defendant*
***Via US Mail***

Sean Meehan
6913 Valencia Drive
Miami, FL 33109
*Pro se Defendant*
***Via US Mail***

6913 Valencia LLC
c/o Aubrey George Rudd, Esq.
100 Edgewater Dr Apt 312
Coral Gables, FL 33133-6939
*State Court Counsel to 6913 Valencia LLC*
***Via US Mail***

By: ___ */s/ Barry S. Turner*
       Barry S. Turner, Esq.
       Fla. Bar No. 85535

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-cv-24780-DPG

VALENCIA ESTATES HOMEOWNERS'
ASSOCIATION, INC.,

      Plaintiff,

v.

ELIZABETH HAZAN, *et al.,*

      Defendants.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff Valencia Estates Homeowners' Association, Inc.'s ("Plaintiff") Motion to Remand to State Court ("Motion") [ECF No. 11]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## BACKGROUND

On March 23, 2022, Plaintiff filed this action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, against Defendants Elizabeth Hazan ("Hazan"), Sean Neil Meehan ("Meehan"), 6913 Valencia, LLC ("Valencia"), John Doe, and Jane Doe (collectively, "Defendants"). [ECF No. 8]. The Complaint asserts claims against Defendants for foreclosure of a lien and breach of a declaration, based on Defendants' alleged failure to pay assessments levied against the subject property. *Id.*

On December 18, 2023, Hazan, Meehan, and Valencia removed the action to this Court, arguing the Court has diversity jurisdiction under 28 U.S.C. § 1332. [ECF No. 1]. The Notice of Removal asserts that the amount in controversy exceeds $75,000 and that there is complete

1

diversity of citizenship as Valencia is owned by a Canadian entity, Hazan is a citizen of Florida, and Meehan was "born" in New York. *Id*. at 2. The Notice of Removal also states that a non-party, Selective Advisor Group, LLC, "is a Delaware LLC, with its principal place of business in Delaware." *Id*. According to the Notice of Removal, the Court also has jurisdiction based on a related bankruptcy case (Case No. 16-10389-PGH) (the "Bankruptcy Action")[1]. The Bankruptcy Action, according to Defendants, has two pending appeals (Case No. 17-cv-24127-DPG and Case No. 18-cv-22564-DPG).

Plaintiff filed the instant Motion arguing Defendants failed to meet their burden of establishing that removal was proper. [ECF No. 11]. Plaintiff asserts that, despite the allegations in the Notice of Removal, there is not complete diversity, the notice of removal is untimely, the amount sought in damages does not exceed $75,000, and this case is unrelated to the Bankruptcy Action. *Id*. Plaintiff also requests that the Court order Defendants to pay Plaintiff's attorney's fees and costs. *Id*.

In opposition, Defendants argue that they were prevented from removing the case any earlier because at the time the Complaint was initially filed in 2022, the amount in controversy did not exceed the jurisdictional threshold, and they could not "show the relation to a pending case under Title 11," but can do so now. [ECF No. 22].

## LEGAL STANDARD

Title 28, United States Code, Section 1441 permits a defendant to remove to federal court a civil case filed in state court if the federal court has original jurisdiction. A district court's original jurisdiction is limited to one of three types: "(1) jurisdiction under a specific statutory grant; (2)

---

[1] The Notice of Removal states, "This Court has jurisdiction over the original proceedings pursuant to 28 U.S.C." Although no statute section is provided, the Court assumes Defendants assert jurisdiction pursuant to 28 U.S.C. § 1334(b).

federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016) (quoting *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997)). Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists over a civil action in which the parties' citizenship is fully diverse and the amount in controversy exceeds $75,000, "assessed at the time of removal." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009); *see also* 28 U.S.C. § 1332(a). "The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction," *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012), and bears the burden of demonstrating that removal is proper, *see Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Upon removal, 28 U.S.C. § 1447(c) "implicitly recognizes two bases upon which a district court may—and in one case must—order a remand: when there is (1) a lack of subject matter jurisdiction or (2) a defect other than a lack of subject matter jurisdiction." *Hernandez v. Seminole Cnty.*, 334 F.3d 1233, 1236–37 (11th Cir. 2003) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1252–53 (11th Cir. 1999)). A district court considering a timely-filed motion for remand "has before it only the limited universe of evidence available when the motion to remand is filed—i.e., the notice of removal and accompanying documents." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213–14 (11th Cir. 2007). However, "the district court when necessary [may] consider post-removal evidence in assessing removal jurisdiction," such as "to establish the facts present at the time of removal." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 773 (11th Cir. 2010) (quoting *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 946, 949 (11th Cir. 2000)).

When considering a motion for remand, the district court must "'strictly construe[] the right

to remove' and apply a general 'presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.'" *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (quoting *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001)). In so doing, a district court "should be equally vigilant to protect the right to proceed in the [f]ederal court as to permit the state courts, in proper cases, to retain their own jurisdiction." *Pretka*, 608 F.3d at 766 (quoting *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907)). If the removing party fails to bring forth sufficient evidence to establish that removal is proper, "neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Lowery*, 483 F.3d at 1214–15.

## DISCUSSION

### I.     The Court Does Not Have Original Jurisdiction

Defendants removed this matter on the basis of diversity and bankruptcy jurisdiction. [ECF No. 1 at 2]. First, the Court only has diversity jurisdiction when the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between the plaintiffs and the defendants. 28 U.S.C. § 1332(a). The parties do not dispute that Plaintiff is a Florida corporation. A corporation is considered "a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Therefore, for the Court to have diversity jurisdiction, no Defendant can also be a citizen of Florida.

In their Notice of Removal, Defendants concede that Hazan is a citizen of Florida. [ECF No. 1 ¶ 3]. Therefore, there is no complete diversity of citizenship and, thus, no diversity jurisdiction. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 366 (1978) ("[I]t is . . . congressionally mandated that diversity jurisdiction is not available when ***any*** plaintiff is a citizen of the same State as ***any*** defendant . . . .") (emphasis added). Importantly, Defendants have not

adequately alleged Valencia's citizenship by identifying the citizenship of all its members. A limited liability company is based on the citizenship of its members—not its state of incorporation or its principal place of business. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenship of [an LLC], a party must list the citizenships of all members of the limited liability company."). Defendant merely alleges that Valencia is owned by an unnamed Canadian entity; that is not enough.

Because it is clear that there is no complete diversity, it is unnecessary for the Court to discuss whether the jurisdictional threshold amount was met or whether removal was timely. However, Defendants' argument that the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1334 warrants discussion.

Defendants argue that because this action is related to the Bankruptcy Action, the Court has original jurisdiction. However, Defendants fail to explain how this action is related to the Bankruptcy Action in either their Notice of Removal or their opposition to the Motion. Plaintiff, on the other hand, states that during the Bankruptcy Action, Plaintiff and Hanzan entered into an agreement regarding Plaintiff's claim for past-due assessments and related charges (the "Stipulation"). [ECF No. 11 ¶ 15]. The Stipulation settled and addressed the prior debts owed to Plaintiff and required Hazan to continue to pay for future assessments after the closure of the Bankruptcy Action. *Id.* ¶ 16. Plaintiff's state court action was brought due to an alleged breach of the Stipulation regarding Defendants' failure to pay assessments issued after the Bankruptcy Action was closed. *Id.* ¶¶ 16–17; [ECF No. 8]. Thus, Plaintiff asserts that the state court action did not arise under, and is not limited by, the Bankruptcy Action. Furthermore, because the Bankruptcy Action has been closed since July of 2023, Plaintiff contends that this action cannot possibly affect the Bankruptcy Action. [ECF No. 24 at 6]. As Defendants have not challenged these assertions, the

5

Court accepts them as true.

Based on the foregoing, the Court finds that this action is unrelated to the Bankruptcy Action. *See* 28 § U.S.C. 1334(b); 1334(c)(2). This action began in state court based on a typical breach of contract claim, which is squarely within the realm of state law. And even if this action is generally related to the Bankruptcy Action, any subsequent determinations in this action will not impact the closed Bankruptcy Action. Thus, they are unrelated for purposes of conferring jurisdiction. *In re Big Daddy Guns, Inc.,* 651 B.R. 817, 825 (Bankr. N.D. Fla 2023) (In determining whether a proceeding is related to bankruptcy to confer federal jurisdiction, the Eleventh Circuit has held that "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.") (citing *Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990)). As such, this Court cannot exercise jurisdiction under 28 § U.S.C. 1334(b).

Because Defendants cannot show jurisdiction is proper under any basis, this Court must remand this case to state court.

## II.     Attorney's Fees and Costs

The Court has also considered whether Plaintiff is entitled to attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although Defendants improperly removed this action, the Court does not find that their arguments were objectively unreasonable. Therefore, Plaintiff's request for attorney's fees and costs is denied.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff Valencia Estates Homeowners' Association, Inc.'s Motion to Remand, [ECF No. 11], is **GRANTED**. This action shall be **REMANDED** to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

**IT IS FURTHER ORDERED** that the Plaintiff's request for an award of attorney's fees, costs, and sanctions pursuant to 28 U.S.C. § 1447(c), is **DENIED.** This action shall be **ADMINISTRATIVELY CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of March, 2024.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

# Exhibit 2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-cv-24879-ALTMAN

**VALENCIA ESTATES
HOMEOWNERS' ASSOCIATION, INC.**,

     *Plaintiff,*

*v.*

**ELIZABETH HAZAN**, *et al.*,

     *Defendants.*

_____/

### <u>ORDER REMANDING CASE</u>

On January 21, 2025, our Plaintiff, Valencia Estates Homeowners' Association, Inc. ("Valencia Estates"), moved to remand this case to state court. *See* Renewed Second Motion to Remand [ECF No. 26]. The Defendants—Elizabeth Hazan, Sean Neil Meehan, and 6913 Valencia, LLC—all failed to respond. "For all motions, except motions served with the summons and complaint, each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen [ ] days after service of the motion." S.D. Fla. L. R. 7.1(c)(1). "Failure to do so may be deemed sufficient cause for granting the motion by default." *Ibid.* Since fourteen days have passed and no defendant has responded, we now grant the Motion by default.

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. The Plaintiff's Renewed Second Motion to Remand [ECF No. 26] is **GRANTED**.

2. This action is **REMANDED** to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

3. The Clerk of Court is directed to **CLOSE** this case. All deadlines and hearings are **TERMINATED**, and any pending motions are **DENIED as MOOT**.

4.  The *pro se* Defendant Hazan hasn't provided an address on the Docket. The Clerk of Court shall email this Order to lizahazan77@gmail.com, the address that appears for this Defendant in the Joint Scheduling Report. *See* Joint Scheduling Report [ECF No. 22] at 7.

**DONE AND ORDERED** in the Southern District of Florida on February 5, 2025.

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record
       Sean Neil Meehan, *pro se*
       Elizabeth Hazan, *pro se*

# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-24879-ALTMAN

VALENCIA ESTATES
HOMEOWNERS' ASSOCIATION, INC.,

     *Plaintiff,*

*v.*

ELIZABETH HAZAN, *et al.,*

     *Defendants.*

_____/

## ORDER

One of our Defendants, Sean Meehan, has asked us to reconsider our decision to remand this case to state court. *See* Motion for Reconsideration (the "Motion") [ECF No. 31]. After careful review, we **DENY** the Motion.

Our Plaintiff, Valencia Estates Homeowners' Association, Inc., filed a complaint in state court against Meehan and two other Defendants (Elizabeth Hazan and 6913 Valencia, LLC), asserting one claim for foreclosure of a lien and a second for breach of a declaration. *See* State-Court Complaint (the "Complaint") [ECF No. 9] ¶¶ 18–39.[1] On December 13, 2024, Meehan removed this action to federal court, arguing that we have "diversity" jurisdiction over the case and that the proceeding "is related to" a separate action under Title 11. *See* Notice of Removal [ECF No. 1] at 4–5 (cleaned up). On December 16, 2024, Valencia Estates timely moved to remand the case back to state court. *See* Motion to Remand [ECF No. 7].

---

[1] Valencia Estates also named as Defendants "JOHN DOE and JANE DOE, as unknown tenants or occupants ('TENANTS')." Complaint at 1. But we dismissed them from the case, *see* Paperless Order [ECF No. 16], because "fictitious-party pleading is not permitted in federal court," *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).

On December 23, 2024, Meehan amended his notice of removal to: (1) allege that the removal was proper under "28 U.S. Code 1452" because of the (supposedly) related "bankruptcy case," and (2) justify the removal under 28 U.S.C. § 1443(1) because of an alleged "deprivation of constitutional rights" by "the presiding judge of the state court action[.]" Amended Notice of Removal [ECF No. 10] ¶¶ 1–6. On January 16, 2025, Valencia Estates responded with two more motions to remand. *See* Renewed Motion to Remand ("Renewed Motion") [ECF No. 23]; Motion to Remand for Failure to Comply with Court Orders [ECF No. 24]. In the Renewed Motion, Valencia Estates advanced five arguments. *First*, it said that we couldn't reconsider Judge Darrin Gayles's decision to remand this complaint back to state court. *See* Renewed Motion at 10 ("Defendants are effectively asking this Court to reconsider the [Judge Gayles] Remand Order, which this Court cannot do.").[2] *Second*, Valencia Estates contended that the new notice was untimely. *Id.* at 11. *Third*, Valencia Estates argued that we lacked subject-matter jurisdiction over this case because "the parties are not diverse." *Ibid.* (cleaned up). *Fourth*, Valencia Estates maintained that "the original proceeding is not related to the bankruptcy action[.]" *Id.* at 14. *Fifth*, Valencia Estates insisted that this "is not a civil rights case under 28 U.S.C. § 1443(1)[.]" *Id.* at 17. In the Motion to Remand for Failure to Comply with Court Orders, Valencia Estates noted that Meehan had repeatedly failed to comply with our orders—specifically, with our "Order Requiring Removal Status Report And Joint Scheduling Report" and our "Show Cause Order." Motion to Remand for Failure to Comply with Court Orders ¶¶ 5, 7, 10–11, 13 (requesting dismissal under Federal Rule of Civil Procedure 41(b)).

We ultimately struck both remand motions and ordered Valencia Estates to file "one single motion to remand combining its arguments." Paperless Order [ECF No. 25]. Valencia Estates

---

[2] Judge Gayles (of our Court) already remanded the Complaint because "there is no complete diversity" and because "this action is unrelated to the Bankruptcy Action." Remand Order in First Removal Action, *Valencia Estates Homeowners Association, Inc. v. Hazan et al.*, 1:23-cv-24780-DPG (Mar. 5, 2024), ECF No. 30 at 5–6.

complied with this instruction on January 21, 2025. *See* Operative Motion to Remand [ECF No. 26]. In this latest remand motion, Valencia Estates re-raised all the arguments it had advanced in the earlier motions. Under our Rules, the Defendants had 14 days—or until February 4, 2025—to respond to this motion. S.D. FLA. L. R. 7.1(c)(1) ("For all motions, except motions served with the summons and complaint, each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen [ ] days after service of the motion."). When that day came and went without a response from the Defendants, we granted the Operative Remand Motion by default (on February 6, 2025). *See* Order Granting Remand [ECF No. 27] ("Since fourteen days have passed and no defendant has responded, we now grant the Motion by default." (citing S.D. FLA. L.R. 7.1(c)(1) ("For all motions, except motions served with the summons and complaint, each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen [ ] days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default.")))).

The next day, February 7, 2025, Meehan filed his Motion for Reconsideration, which we resolve here. In that Motion, Meehan (rightly notes) that he had "3 extra days" to file his response under Federal Rule of Civil Procedure 6(d) because he "was served by mail"—thus extending his response deadline to "February 7, 2025." Motion at 1–2. He therefore asks us to vacate our Order Granting Remand "and rule again with the benefit of his response in opposition to remand." *Id.* at 2. Later that same day, Meehan filed what he *called* his "Response in Opposition to Remand[.]" Response in Opposition ("Response") [ECF No. 32] at 1. But that Response, if you can call it that, includes no argument, factual development, or citation to any legal authority at all. *See* Response at 1 (advancing no argument at all beyond "request[ing] the court deny the motion to remand and allow the case to proceed in this court"). Our Local Rules are clear that "[e]very motion [or response or reply] when filed and served shall incorporate a memorandum of law citing supporting authorities." S.D. FLA. L.R. 7.1(a)(1); *see also* S.D. FLA. L.R. 7.1(c)(1) ("[E]ach party opposing a motion shall file and serve an

opposing memorandum of law[.]"); *cf. Belony v. Amtrust Bank*, 2011 WL 2297669, at *2 (S.D. Fla. June 8, 2011) (Marra, J.) ("The Defendant's failure to cite *any* authority for this principle makes it difficult for the Court to rule in its favor."); *ibid.* (noting that the "Defendant's deficient memorandum of law is itself a basis to deny its motion"); *Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived."). And our Circuit has been clear that these rules apply with equal force to *pro se* litigants. *See, e.g., In re Ellingsworth Residential Cmty. Ass'n, Inc.*, 125 F.4th 1365, 1377–78 (11th Cir. 2025) ("By making her arguments in a perfunctory manner without authority or support, [*pro se* appellant] Guan has waived the right to have the Court consider her arguments."); *Jamison v. United States Marshals Serv.*, 2024 WL 4524681, at *2 (11th Cir. Oct. 18, 2024) ("By failing to provide supporting arguments and authority in his brief to challenge the denial of his deliberate indifference claim on the merits, [*pro se* appellant] Jamison abandoned the issue."). Since Meehan's Response isn't really a response, in short, we would have granted the Operative Motion to Remand *even if* we had waited for his submission. Accordingly, we **DENY** the Motion for Reconsideration because Meehan's Response hasn't added anything to our analysis of this dispute.

***

But there are *other* valid reasons to remand this case. *First*, the law is clear that *all defendants* must consent to removal. *See Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001) ("[T]he law is well settled that in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court. . . . Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction."); *id.* at 1050 ("Beginning with the United States Supreme Court's decision in *Chicago R.I. & Pac. Ry. Co.*, 178 U.S. 245, 248 (1900), federal courts have universally required unanimity of consent in removal cases involving multiple defendants." (cleaned up)). In our

4

case, *neither* of the other Defendants—Hazan and 6913 Valencia—signed *either* the Notice of Removal *or* the Amended Notice of Removal. *See generally* Notice of Removal; Amended Notice of Removal.[3] That's sufficient for us to remand this case back to state court. *See Russell Corp.*, 264 F.3d at 1041, 1050 ("[T]he district court properly remanded the case to the state court for failure to comply with the unanimity requirement."); *Hernandez v. Seminole Cnty., Fla.*, 334 F.3d 1233, 1237 n.3 (11th Cir. 2003) ("Section 1446 . . . has been interpreted to require that all defendants join in the removal petition.").[4]

*Second*, Meehan hasn't shown that we can exercise subject-matter jurisdiction over this case. We have a duty to remand to state court any case that has been improperly removed for "a lack of subject matter jurisdiction[.]" *Hernandez*, 334 F.3d at 1236–37 (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1252–53 (11th Cir. 1999)). There are two bases for federal courts to exercise subject-matter jurisdiction over a case: "diversity jurisdiction" and "federal question jurisdiction[.]" *Blankenship v. Claus*, 149 F. App'x 897, 898 (11th Cir. 2005). We can exercise diversity jurisdiction in civil actions where the amount in controversy exceeds $75,000 and the action is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3). But diversity jurisdiction requires *complete* diversity: Every plaintiff must be diverse from every

---

[3] Hazan's and 6913 Valencia's subsequent statements further indicate their lack of consent. *See generally* Joint Scheduling Report and Proposed Scheduling Order ("JSR") [ECF No. 22]. Hazan, for instance, "takes no position" on whether this "matter must be remanded for a second time to the state court," and 6913 Valencia "will defer to Meehan and Hazan." *Id.* at 2–3. Moreover, in response to our request for "proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment," Hazan and 6913 Valencia "take[ ] no position as [they] . . . did not seek removal of the action." *Id.* at 3. That doesn't sound like consent to us. If Hazan and 6913 Valencia wanted to consent to removal, they've had ample time to say so *unambiguously*.

[4] Section 1443 may provide an exception to the unanimity requirement. As Judge Jordan (sitting on the district court) has explained, there's a "dearth of case law on whether unanimity is required for removal under § 1443(2) (or § 1443 generally), and the few courts or commentators to have addressed the issue have not been in complete agreement." *Brown v. Florida*, 208 F. Supp. 2d 1344, 1349 (S.D. Fla. 2002) (Jordan, J.) (collecting cases). We needn't reach this issue here, though, because (as we'll soon explain) Meehan hasn't come close to properly removing this case under § 1443.

defendant. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)). We can exercise federal-question jurisdiction "only if it is federal law that creates the cause of action." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

We plainly lack diversity jurisdiction over this case because Meehan hasn't properly alleged either his own or 6913 Valencia's citizenship. Meehan says that he's "a resident of New York," Amended Notice of Removal ¶ 9, but "[r]esidence alone is not enough" to determine one's citizenship, *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Moreover, to "sufficiently allege the citizenships of [a limited liability company like 6913 Valencia], a party must list the citizenships of all the members[.]" *Ibid.* Meehan only tells us that 6913 Valencia's "*principals* are Canadian," Amended Notice of Removal ¶ 8 (emphasis added), but he tells us nothing about "the citizenship of each of [its] *members*," *Incitatus Real Estate, LLC v. Lancelot Miami River, LLC*, 2024 WL 4106441, at *3 (S.D. Fla. Feb. 6, 2024) (Altman, J.) (cleaned up & emphasis added).

And we plainly lack federal-question jurisdiction because Meehan hasn't identified a single federal cause of action *Valencia Estates* has asserted against him (or any of the other Defendants). *See generally* Amended Notice of Removal. The law is clear that, for removal to be proper, the federal question must be asserted by *the plaintiff* in its underlying complaint against the defendants—*not* by the defendant in response to that complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[A] case may *not* be removed to federal court on the basis of a federal defense[.]"); *Kondaur Capital v. Soler*, 2023 WL 356018, at *2 (11th Cir. Jan. 23, 2023) ("That [the defendant's] notice of removal asserted a defense to foreclosure based on federal law does not authorize removal to federal court.").

Meehan (it's true) did *initially* remove this action (in part) under 28 U.S.C. § 1443(1) because of an alleged "deprivation of constitutional rights" by "the presiding judge of the state court action" who "espoused off hand comments that tend to show a bias towards Meehan." Amended Notice of

Removal ¶¶ 2–6. And that statute does create a narrow exception to the "well-pleaded complaint" rule, which requires that the complaint "establish[ ] either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *MedSoftSys, Inc. v. CoolMoon Corp.*, 553 F. Supp. 3d 1275, 1279 (S.D. Fla. 2021) (Altman, J.) (quoting *Newton v. Capital Assurance Co.*, 245 F.3d 1306, 1308–09 (11th Cir. 2001)). Under § 1443(1), the defendant in a state-court action may remove the case to federal court when the defendant "is denied or cannot enforce" in state court "a right under any law providing for . . . equal civil rights." 28 U.S.C. § 1443(1). But the removing defendant must meet two elements. "First, the defendant must show that the removal is predicated upon a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Alabama v. Thomason*, 687 F. App'x 874, 877 (11th Cir. 2017) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "Second, the removing defendant must establish that he has been denied or is unable to enforce that civil right in the state court." *Ibid.* (citing *Rachel*, 384 U.S. at 794)).

In his Response, however, as Valencia Estates points out, Meehan "abandons this assertion," Reply ¶ 6, claiming only that he "removed the case pursuant to Title 28, United States Code §§§§§ 1331, 1332, 1441, 1446, and 1452"—and nowhere mentioning 28 U.S.C. § 1443(1), *see* Response at 1 (errors in original). He's thus forfeited any argument he might have had under § 1443(1). *See Michaels v. Sasser's Glass Works Inc.*, 662 F. Supp. 3d 1223, 1238 (S.D. Fla. 2023), *aff'd*, 2025 WL 588648 (11th Cir. Feb. 24, 2025) (Altman, J.) (first citing *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("[T]he failure to make arguments and cite authorities in support of an issue waives it."); and then citing *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented . . . are deemed waived.")).

In any event, Meehan doesn't come close to showing that there's a "basis from which the federal court" can make a "firm prediction" that the defendant will be "denied or cannot enforce his civil rights in state court." *Thomason*, 687 F. App'x at 878 (quoting *Rachel*, 384 U.S. at 804 (cleaned up)).

So far as we can tell, he isn't suggesting that his troubles in state court have anything to do with any "specific civil rights stated in terms of racial equality." *Id.* at 877. He, for instance, has done nothing to show that, even if there had been some issue in state court implicating his civil rights "in terms of racial equality," he's "unable to enforce that civil right in the state court." *Ibid.* And, in either event, the law is clear that "[t]he allegedly corrupt or otherwise improper motives of an individual state court judge"—precisely what Meehan complains about here—are "insufficient to support removal under § 1443(1)." *Alabama v. Conley*, 245 F.3d 1292, 1298 (11th Cir. 2001); *see also id.* at 1297 ("[A]llegations of corruption or unfairness . . . during a particular court proceeding do not support removal under § 1443(1)[.]").

Finally, we reject Meehan's frivolous claim that we "have jurisdiction over the original proceeding pursuant to 28 U.S.C. § 1334(b)" and that "[t]his [current] proceeding is related to a bankruptcy before Judge Paul Hyman." Amended Notice of Removal ¶¶ 12–13; *see also id.* ¶ 1 ("Removal Under 28 U.S. Code § 1452[:] There is currently pending litigation involving the same property and the bankruptcy case before Judge Hyman, Meehan believes that removal of this action to United States District Court is appropriate." (errors in original)). Section 1334(b) confers "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Section 1452, in turn, provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334[.]" 28 U.S.C. § 1452(a). That section goes on to say that a court may "remand such claim or cause of action on any equitable ground." *Id.* § 1452(b).[5] "An action is related to bankruptcy if the outcome

---

[5] In our District, bankruptcy matters are automatically transferred to the Bankruptcy Court. *See* Administrative Order 2012-25 ("Pursuant to 28 U.S.C. § 157(a), *any and all* cases under title 11 and *any and all* proceedings arising under title 11 or arising in or related to a case under title 11 *are referred* to the bankruptcy judges of this district." (emphases added)).

could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *In re Big Daddy Guns, Inc.*, 651 B.R. 817, 825 (Bankr. N.D. Fla. 2023) (Specie, C.J.) (citing *Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990)).

But our case cannot be related to the bankruptcy case before Judge Hyman because that bankruptcy concluded (and was closed) years ago. *See* Reply ¶ 5 ("Judge Gayles . . . previously ruled on this exact issue and the parties had [ ] entered into the Stipulation of Settlement – which was executed by Plaintiff and Hazan and approved by the Bankruptcy Court on November 17, 2016[.]"); Operative Motion to Remand at 15 ("The Stipulation, Plan, and Confirmation Order [entered in the bankruptcy] plainly and unequivocally permitted Plaintiff to seek, collect, and enforce the Declaration after the Bankruptcy Action, including all assessments and charge."); *see also* Remand Order in First Removal Action at 5 ("[T]he Bankruptcy Action has been closed since July of 2023[.]"); *id.* at 5–6 ("[B]ecause the Bankruptcy Action has been closed since July of 2023, Plaintiff contends that this action cannot possibly affect the Bankruptcy Action. . . . As Defendants have not challenged these assertions, the Court accepts them as true."). And, in any event, Judge Gayles (of our Court) has already remanded the case back to state court after noting that "[t]his action began in state court based on a typical breach of contract claim, which is squarely within the realm of state law." Remand Order in First Removal Action at 6. Moreover, we agree with Judge Gayles that, "even if this action is generally related to the Bankruptcy Action, any subsequent determinations in this action will not impact the closed Bankruptcy Action," so "they are unrelated for purposes of conferring jurisdiction." *Ibid.* (collecting cases).

Meehan—who never asked Judge Gayles to reconsider this decision—cannot in effect appeal Judge Gayles's decision to us. *See Harris v. Blue Cross/Blue Shield of Alabama, Inc.*, 951 F.2d 325, 329–30 (11th Cir. 1992) ("[28 U.S.C. § 1447(d)] not only forecloses appellate review, but also bars

reconsideration . . . by the district court of its own remand order." (cleaned up)). "[T]he district court has one shot, right or wrong." *In re Terazosin Hydrochloride Antitrust Litig.*, 2001 WL 34050426, at *4 (S.D. Fla. Oct. 25, 2001) (Seitz, J.) (cleaned up); *see also In re Loudermilch*, 158 F.3d 1143, 1147 (11th Cir. 1998) ("Because the district court's order to remand was based on the lack of subject matter jurisdiction, the court exceeded its power by reconsidering the second remand and vacating that order."). "There are very limited circumstances when a Party may remove a case a second time. . . . [T]he basis for the second removal must differ from the first. That is, a pleading must establish that the Court's consideration of the second removal is more than reconsideration of the 'same grounds' upon which the case was first removed." *Deutsche Bank Nat'l Tr. v. Jenkins*, 2008 WL 4926968, at *1 (S.D. Fla. Nov. 17, 2008) (Zloch, J.).[6] Meehan thus cannot try to "circumvent section 1447(d)'s prohibition on reconsideration" by filing a second notice of removal "based on the same facts and allegations[.]" *Ibid.* But that's exactly what Meehan has done here. After Judge Gayles remanded his case to state court because it was *not* related to the closed bankruptcy, Meehan simply removed the case a second time—this time trying to convince us that the case *is* related to the closed bankruptcy action. He obviously cannot do that.

## CONCLUSION

Accordingly, we hereby **ORDER and ADJUDGE** that the Defendant's Motion for Reconsideration [ECF No. 31] is **DENIED**. Valencia Estates's request for attorney's fees and costs, *see* Operative Motion to Remand at 19–20, is **DENIED without prejudice** because Valencia Estates has not submitted any evidence of its fees and costs. We also **DENY** the sanctions request Valencia

---

[6] It's true that "[s]ection 1447(d) . . . expressly exempts from its coverage certain civil rights cases removed under 28 U.S.C. § 1443." *Provident Funding Assocs., LP v. Obande*, 414 F. App'x 236, 237 (11th Cir. 2011) (permitting appellate review of "an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title" (citing 28 U.S.C. § 1447(d))). As we've said, however, Meehan hasn't actually removed this case under § 1443.

Estates included in its Response in Opposition to Meehan's Motion for Reconsideration [ECF No. 35].[7]

      **DONE AND ORDERED** in the Southern District of Florida on March 11, 2025.

 

                           **ROY K. ALTMAN**
                           **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record
        Sean Neil Meehan, *pro se*
        Elizabeth Hazan, *pro se*

---

[7] Valencia Estates's Response to Meehan's Motion for Reconsideration includes a request for sanctions. *See id.* at 3 ("Meehan should be sanctioned for his lack of candor to the Court."). That's improper. A party cannot seek affirmative relief in a response memorandum; instead, to obtain relief, the party must file *a motion* asking for that relief. *See* S.D. FLA. L. R. 7.1(a)(2) (referring to "relief sought in the *motion*," not in a response memorandum (emphasis added)).

# Exhibit 4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-21283-ELFENBEIN

**VALENCIA ESTATES HOMEOWNERS ASSOCIATION, INC.,**

     Plaintiff,

v.

**ELIZABETH HAZAN** *et al*,

     Defendants.

_____/

## <u>ORDER REMANDING CASE</u>

**THIS CAUSE** is before the Court on Plaintiff Valencia Estates Homeowners' Association, Inc.'s ("Plaintiff") Expedited Motion to Remand to State Court ("Motion to Remand"), ECF No. [7]. For the reasons that follow, the Motion to Remand, **ECF No. [7]**, is **GRANTED in part** and **DENIED in part**.

On March 23, 2022, Plaintiff filed this action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Action"), against Defendants Elizabeth Hazan ("Hazan"), Sean Neil Meehan ("Meehan"), 6913 Valencia, LLC ("Valencia"), John Doe, and Jane Doe (collectively, "Defendants"). *See* ECF No. [1-1]. The Complaint asserts claims against Defendants for foreclosure of a lien and breach of a declaration based on Defendants' alleged failure to pay assessments levied against the subject property. *See generally id*. On March 19, 2025, Meehan, Hazan, and Valencia (collectively, the "Removing Defendants") removed this case — for the third time— arguing, again, that this Court has jurisdiction on the following grounds: (1) the Court has diversity jurisdiction under 28 U.S.C. § 1332; (2) the Court has jurisdiction under

28 U.S.C. § 1334 because the State Action is related to a bankruptcy action (Case No. 16-10389-PGH); and (3) the Court has jurisdiction under 28 U.S.C. § 1443 because the State Action's proceedings have deprived the Removing Defendants of their "constitutional rights".[1]  *See* ECF No. [1].

On March 21, 2025, Plaintiff timely filed the Motion to Remand stating several grounds for remand.  *See generally* ECF No. [7].  Plaintiff also requests that the Court order the Removing Defendants to pay Plaintiff's attorney's fees and costs.  *Id*. at 19.  On April 22, 2025, the Removing Defendants filed their Response to Plaintiff's Motion to Remand (the "Response"), ECF No. [14], which states that they consented to withdraw the Notice of Removal before Plaintiff filed its Motion for Remand.  *See* ECF No. [14] at 1-3.  The Response states that "Defendants promptly consented to remand the case by the deadline set forth by Plaintiff's counsel [on] March 21, [2025] at 5PM but [Plaintiff's] Counsel already had the pleadings ready to file and filed them although Defendants agreed to remand the case."  *Id*. at 3.

In support, the Response attaches the email correspondence between Plaintiff's counsel, Hazan, and Meehan that reflects the Removing Defendants' clear consent to withdraw their removal and to remand this action.  *See* ECF No. [14-1] at 1-5.  On March 20, 2025, at 3:04 p.m., Plaintiff's counsel sought Hazan and Meehan's agreement to withdraw and dismiss the Notice of Removal and requested their response by 5:00 p.m. on March 21, 2025.  *See id*. at 1.  On March 21, 2025, at 4:22 p.m., Hazan timely responded stating "WE WILL AGREE" to withdraw and dismiss the Notice of Removal.  *See id*. (caps in original).  Ten minutes later, Hazan confirmed the Removing Defendants' agreement again stating, "to dismiss or withdraw the notice of removal

---

[1] The Removing Defendants have attempted removal twice before on the same bases alleged in the current Notice of Removal and each attempt has been remanded by District Court Judges of this District.  *See* Order, No. 23-CV-24780-DPG, ECF No. [30]; Order, No. 24-CV-24879-RKA, ECF No. [36].

please understand that we don't have the online filing privileges like a lawyer[.] So we have to do it in person and we will do it in person. Agreed." *See id*. at 4. One minute later, Plaintiff's counsel confirmed receipt of Hazan's email and informed her that he would be filing his motions anyway. *See id*. at 7.

Since the Removing Defendants clearly do not oppose the remand of this case, it is **ORDERED and ADJUDGED** that:

1. Plaintiff's Motion to Remand, **ECF No. [7]**, is **GRANTED in part** and **DENIED in part**.

2. This action is **REMANDED** to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

3. Because the Removing Defendants agreed to remand this case before Plaintiff filed the Motion to Remand and within the timetable set forth in Plaintiff's meet-and-confer email, Plaintiff could have expedited the remand and minimized fees and costs by submitting an unopposed or joint motion for remand, but it chose not to do so. Therefore, Plaintiff's request for attorney's fees and costs is **DENIED**.

4. The Clerk of Court is directed to **CLOSE** this case. All deadlines and hearings are **TERMINATED**, and any pending motions are **DENIED** as **MOOT**.

**DONE and ORDERED** in Chambers in Miami, Florida on April 23, 2025.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All counsel of record

**Elizabeth Hazan**
6913 Valencia Drive
Miami, FL 33109
*PRO SE*

**Sean Neil Meehan**
6913 Valencia Drive
Miami, FL 33109
*PRO SE*