**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 1:25-cv-23294-MFE

VALENCIA ESTATES HOMEOWNERS'
ASSOCIATION, INC., a Florida
not-for-profit corporation,
      Plaintiff,

vs.

ELIZABETH HAZAN, et al.,
      Defendants.

_____/

**PLAINTIFF'S MOTION TO DEEM DEFENDANTS' VEXATIOUS LITIGANT,**
**PLACE CERTAIN LIMITATIONS ON ANY FUTURE LITIGATION THEY**
**INITIATE OR REMOVE TO THIS COURT, INCORPORATED**
**MEMORANDUM OF LAW, AND FOR SANCTIONS[1]**

Plaintiff, Valencia Estates Homeowners' Association, Inc. ("**Plaintiff**" or the "**Association**") requests that this Court enter an Order deeming defendants Elizabeth Hazan ("**Hazan**") and Sean Meehan ("**Meehan**") "vexatious litigants" and placing certain limitations on their ability to initiate *pro se* future litigation in this Court that in any way attempts to remove, contest, dispute, challenge, appeal, or prevent the litigation styled *Valencia Estates Homeowners' Association, Inc.,* plaintiff*, vs. Elizabeth Hazan, et al.*, Case No. 2022-005424-CA-01(the "**Original Proceeding**") pending before the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "**State Court**") from continuing advancing, proceeding, progressing, adjudicating, or concluding. In support, Plaintiff states as follows:

**INTRODUCTION**

This action is the fourth attempt by defendants Hazan and Meehan to (improperly) remove the Original Proceeding to the United States Court for the Southern District of Florida. As held on

_____

[1] To the extent necessary, Plaintiff requests that the Court retain jurisdiction to adjudicate this motion in the event the Original Proceeding is remanded by back to the State Court.

three previous occasions, no federal jurisdiction exists to adjudicate the Original Proceeding and this matter should be remanded to the State Court for final adjudication. Without the Court's intervention, defendants Hazan and Meehan shall impede and continue to impede any adjudication of the Original Proceeding including, without limitation, the motion for summary judgment pending for over a year.

Judge Gayles, Judge Altman, and this Court have previously remanded the case to the State Court for final adjudication. Judge Gayles and Judge Altman both held that no federal jurisdiction exists over the Original Proceeding. The Fourth Removal Notice (as defined below) was filed mere hours before the latest attempt to attend the mutually scheduled summary judgment hearing. Hazan and Meehan are not strangers to this Court but use notices of removal as a tool to delay the litigation, hinder creditors, and frustrative final adjudication of simple matters. To Plaintiff's knowledge and in addition to the four removals of the Original Proceeding, Hazan and Meehan have filed the following removal actions relating to pending foreclosure or mortgage adjacent issues:

(i) On **February 26, 2024**, Hazan and Meehan removed the foreclosure litigation styled *David W. Langley and David W. Langley P.A. v. Elizabeth Hazan a/k/a Liza Hazan and Sean Meehan*, Case No.: 1:24-cv-20736-CMA[2] to this Court, which was summarily remanded on February 29, 2024.

(ii) On **February 21, 2025**, Hazan and Meehan removed the foreclosure litigation styled *JP Morgan Chase N.A. v. Elizabeth Hazan et. al.*, Case No.: 1:25-cv-20815-BB[3] to this Court, which was summarily remanded on February 25, 2025.

(iii) On **March 12, 2025,** Hazan and Meehan again removed the foreclosure litigation on the eve of trial styled *David W. Langley and David W. Langley P.A. v. Elizabeth Hazan a/k/a*

---

[2] To the extent necessary, Plaintiff requests that the Court take judicial notice of all filings in Case No.: 1:24-cv-20736-CMA pursuant to Fed. R. Civ. P. 201.

[3] To the extent necessary, Plaintiff requests that the Court take judicial notice of all filings in Case No.: 1:25-cv-20815-BB pursuant to Fed. R. Civ. P. 201.

*Liza Hazan and Sean Meehan*, Case No.: 1:25-cv-21172-EIS[4] to this Court, which was summarily remanded on February 29, 2025.

Accordingly, Plaintiff seeks to end defendants' charade and declare Hazan and Meehan vexatious litigants with limits are placed on Hazan and/or Meehan for any future removals or litigation that may be asserted relating to Plaintiff, the Property, or the Original Proceeding. Plaintiff requested limits include, without limitation, the following: (i) the Court finding and adjudicating that any further removals of the Original Proceeding by Hazan or Meehan are void, invalid, and a nullity absent such notice being signed and filed by an attorney admitted to this Court; (ii) the Court finding and adjudicating that Hazan and Meehan are vexatious litigants; (iii) the Court entering an injunction or other order enjoining Hazan and Meehan from removing, contesting, disputing, challenging, appealing, or preventing the State Court from hearing, ruling, resolving, adjudging, or adjudicating the Original Proceeding; (iv) the Court entering an injunction or other order enjoining Hazan and Meehan from filing any document in any federal court, including the United States District Court for the Southern District of Florida, from filing any document that would stop or impede the Original Proceeding from continuing advancing, proceeding, progressing, adjudicating, or concluding; and (iv) should Hazan and/or Meehan fail to comply with such an injunction or other order and in addition to such actions being void, invalid, and a nullity, permitting Plaintiff to reopen this matter to file a motion for order to show cause why Hazan and/or Meehan should not be held in contempt.

## BACKGROUND

### A. **Parties**

   1.     Plaintiff is a Florida corporation not-for-profit, operating pursuant to the provisions

---

[4] To the extent necessary, Plaintiff requests that the Court take judicial notice of all filings in Case No.: 1:24-cv-20736-CMA pursuant to Fed. R. Civ. P. 201.

of Chapter 720, Florida Statutes. Plaintiff is responsible for managing the affairs of Valencia Estates, a residential community in Miami-Dade County, Florida, pursuant to its Declaration of Covenants and Restrictions ("**Declaration**"), recorded in the Public Records of Miami-Dade County, Florida, on February 6, 2003, at ORB 21004, Page 390, as amended from time to time. Hazan is required to pay all assessments that are levied by Plaintiff against the Subject Property as they become due and payable under to Fla. Stat. § 720.3085, Article 6 of Plaintiff's Declaration, and the Stipulation (as defined below).

2.      Hazan is the owner of the property located at 6913 Valencia Drive, Fisher Island, FL 33109 ("**Subject Property**"). Hazan is subject to the Declaration as the owner of the Subject Property.

3.      Meehan lists his address as the Subject Property. *See* First Removal Notice; Amended Notice of Removal (DE2A#10).[5]

**B. Hazan's Bankruptcy Case**

4.      On or about January 11, 2016, Hazan filed for Chapter 11 bankruptcy in the Southern District of Florida, Case No. 16-10389-AJC ("**Bankruptcy Action**").

5.      In the Bankruptcy Action, Plaintiff and Hazan entered into an agreement regarding Plaintiff's claims including past-due pre-Bankruptcy Action assessments and post-Bankruptcy Action assessments, which was approved in the Bankruptcy Action on November 17, 2016 (hereinafter collectively the "**Stipulation**"). Among the terms, the Stipulation required Hazan to pay all post-petition, ongoing monthly and/or special assessments to Plaintiff. Failure by Hazan pay such amounts entitles Plaintiff to "all rights under its Recorded Declaration, including but not limited to the right to file a new lien for Ongoing Maintenance and file a new Complaint to

---

[5] "DE2A#" shall denote filings in the Second Removal Action (as defined below).

foreclose upon same."

6.      The Stipulation was incorporated into the Fourth Amended Plan of Reorganization (DEB#563)[6] (the "**Plan**"). The Plan was confirmed on June 12, 2018. *See* Order Confirming Plan of Reorganization (DEB#691) ("**Confirmation Order**").

C.   **Assessments after Hazan's Bankruptcy Case**

7.      On or about January 4, 2021, and in accordance with Fla. Stat. § 720.3085, Plaintiff sent Hazan, by regular U.S. and certified mail, return receipt requested, and via e-mail, a Notice of Intent to File/Record a Claim of Lien ("**Notice of Intent to Lien**") to the Subject Property. In response to the Notice of Intent to Lien, Hazan sent an email to Plaintiff's counsel stating that she objected to all amounts sought by Plaintiff as due and owing on the Subject Property.

8.      On March 24, 2021, Plaintiff recorded a Claim of Lien against the Subject Property in ORB 32413 at Pages 4637, et. seq., of the public records of Miami-Dade County, Florida ("**Claim of Lien**").

9.      On or about April 5, 2021, Plaintiff, by and through its counsel, sent Hazan, by regular U.S. and certified mail, return receipt requested, and via e-mail, a Notice of Intent to Foreclose Claim of Lien ("**Notice of Intent to Foreclose**") to the Subject Property.

10.     On February 7, 2022, Plaintiff sent Hazan, by regular U.S. and certified mail, return receipt requested, and via e-mail, a Supplemental Notice of Intent to Foreclose Claim of Lien ("**Supplemental Notice of Intent to Foreclose**") to the Subject Property, which is also Hazan's last address on file with Plaintiff.

D.   **Filing of the Original Proceeding**

11.     On March 23, 2022, Plaintiff filed its complaint in the Original Proceeding (the

---

[6] "DEB#" shall denote filings in the Bankruptcy Action (as defined below).

"**Complaint**"). The Complaint asserts two counts - (i) foreclosure of lien; and (ii) breach of the Declaration. The Complaint expressly states that the time period of the assessments being sought is from August 2019 to the present date.

12.     Hazan, Meehan, and 6913 Valencia, LLC ("**6913 Valencia**") were validly served via personal service of process on April 29, 2022. On July 10, 2023, the Defendants filed their Answer, Affirmative Defenses, and Counterclaim.

**E.  Procedural History of First Removal Action and Entry of First Remand Order**

13.     On December 18, 2023, Hazan and Meehan jointly filed the first Notice of Removal (DE1A#1)[7] ("**First Removal Notice**") and initiated Case No.: 1:23-cv-24780-DPG before The Honorable Darrin P. Gayles ("**First Removal Action**"). *See* **Exhibit 1.**

14.     Within the First Removal Notice, (a) Hazan acknowledge and listed that she "is a resident of Miami-Dade County. is therefore a citizen of Florida" and lists her address as the Subject Property i.e. 6913 Valencia Drive, Miami, Florida 33109; and (b) Meehan acknowledge and listed his address as the Subject Property - 6913 Valencia Drive, Miami, Florida 33109.

15.     On March 5, 2024, Judge Gayles's entered the Order (DE1A#30) (the "**First Remand Order**") finding that the Court did not have original jurisdiction. *See* **Exhibit 2**.

**F.  Procedural History of Original Proceeding Between First Removal Action and Second Removal Action**

16.     On July 19, 2024, Plaintiff filed its amended motion for summary judgment and amended affidavit in support (collectively "**Amended MSJ**"), which was first set on July 17, 2024 for a August 28, 2024 hearing ("**First MSJ Hearing**"). Thereafter, between August 8, 2024 and August 16, 2024, Hazan and Meehan filed various documents in opposition the Amended MSJ and filed identical Answer, Amended Affirmative Defenses, and Amended Counterclaims. Hazan

---

[7] "DE1A#" shall denote filings in the First Removal Action.

and Meehan also filed an identical Answer, Amended Affirmative Defenses, and Amended Counterclaims on behalf of 6913 Valencia.

17.     Hazan sought disqualification of The Honorable Elizabeth Del-Rio on the eve of the First MSJ Hearing, which thereafter cancelled the First MSJ Hearing.

18.     On October 16, 2024, the parties agreed to reset the Amended MSJ, Motion to Strike, Motion to Dismiss, and other pleadings for hearing on December 13, 2024 ("**Second MSJ Hearing**").

19.     On November 7, 2024, the State Court entered an order to show cause against 6913 Valencia finding that it failed to comply with the order compelling documents.

20.     On November 22, 2024, the State Court entered an order against Meehan finding that he failed to comply with the order compelling documents and finding that if Meehan did not comply with the orders, he would not be permitted to rely on documents responsive to the first request for production in the litigation.

21.     On November 22, 2024, the State Court entered an order against 6913 Valencia finding that if it did not comply with the orders, 6913 Valencia would not be permitted to rely on any documents responsive to the first request for production in the litigation.

22.     On December 12, 2024, the State Court entered an order against Hazan finding that Hazan is "prohibited, precluded, barred and precluded from relying upon, presenting, or entering any document or information responsive to the [first request for production] in this action. This includes, but is not limited to, that Elizabeth Hazan is prohibited, precluded, barred and precluded from relying upon, presenting, or entering any document or information responsive to the [first request for production] at the summary judgment hearing set for December 13, 2024." In response, Hazan filed a motion to disqualify the Honorable Charles Johnson.

23.     On December 13, 2024, the State Court entered an order denying the motion to disqualify the Honorable Charles Johnson.

24.     A few hours before the Second MSJ Hearing, Meehan removed the Original Proceeding to the Second Removal Action.

**G.  Procedural History of Second Removal Action and Entry of Second Remand Order**

25.     On December 13, 2024, Meehan filed the Notice of Removal (DE2A#1) claiming jurisdiction under "Title 28, United States Code §§§§§ 1331, 1332, 1441, 1446, and 1452" and initiated Case No.: 1:24-cv-24879-RKA before The Honorable Roy K. Altman ("**Second Removal Action**"). *See* **Exhibit 3**.

26.     On December 23, 2024, Meehan filed the Amended Notice of Removal (DE2A#10) claiming jurisdiction under "Title 28, United States Code §§§§§ 1331, 1332, 1441, 1446, and 1452" but also referencing 28 U.S.C. § 1443(1). Meehan lists his address within the Amended Notice of Removal (DE2A#10) as 6913 Valencia Drive, Miami, Florida 33109. *See* **Exhibit 4.**

27.     On February 6, 2025, Judge Altman entered the Order Remanding Case (DE2A#27) ("**SR Order**"). *See* **Exhibit 5.** Thereafter, Meehan filed a response to Plaintiff's remand motion and a motion for reconsideration. After considering both documents, Judge Altman entered the Order (DE2A#30) ("**Reconsideration Denial Order**") on March 12, 2025 again remanding the Original Proceeding to the State Court. *See* **Exhibit 6**.

**H.  Procedural History of Original Proceeding after Second Removal Action**

28.     After entry of the SR Order and Reconsideration Denial Order, the parties reset the Amended MSJ, Motion to Strike, Motion to Dismiss, and other pleadings for hearing on March 19, 2025 ("**Third MSJ Hearing**").

29.     Hours, or less, before the Third MSJ Hearing, Hazan and Meehan filed the Notice

of Removal (DE3A#1) [8]("**Third Removal Notice**").

**I.** **Procedural History of Third Removal Action and Third Remand Order**

30.     On March 19, 2025, Hazan and Meehan filed the Third Removal Notice claiming

jurisdiction under "Title 28, United States Code §§§§§ 1331, 1332, 1441, 1446, and 1452" and

initiated Case No.: 1:25-cv-21283-MFE before The Honorable Marty Fulgueira Elfenbein ("**Third**

**Removal Action**"). *See* **Exhibit 7**. The Third Removal Notice listed Hazan's address as the

Subject Property - 6913 Valencia Drive, Miami, Florida 33109.

31.     After various motions by Plaintiff including a motion to remand, on April 7, 2025,

Hazan and Meehan attempted to file the Defendants Elizabeth Hazan and Sean Meehan's Notice

of Voluntary Dismissal Without Prejudice (DE3A#10). *See* **Exhibit 8**. Within such document,

both Hazan and Meehan list their address as the Subject Property - 6913 Valencia Drive, Miami,

Florida 33109.

32.     On April 23, 2025, Magistrate Judge Elfenbein entered the Order Remanding Case

(DE3A#16) ("**Third Remand Order**") finding the lack of federal jurisdiction. *See* **Exhibit 9.**

**J.** **Procedural History of Original Proceeding after Third Removal Action**

33.     After entry of the Third Remand Order the parties again reset the Amended MSJ,

Motion to Strike, Motion to Dismiss, and other pleadings for hearing on July 23, 2025 ("**Fourth**

**MSJ Hearing**").

34.     Hours, or less, before the Fourth MSJ Hearing, Hazan and Meehan filed the Notice

of Removal (DE4A#1)[9] ("**Fourth Removal Notice**") and initiated this matter, Case No.: 1:25-cv-

23294-MFE ("**Fourth Removal Action**").

**K.** **Hazan and Meehan Uses Notices of Removal as a Tool to Impede State Court**
     **Proceedings, Hinder Creditors, and Frustrate the Prompt Adjudication of Justice**

---

[8] DE3A# shall denote filings in the Third Removal Action.
[9] DE4A# shall denote filings in this Fourth Removal Action.

35.     In an unrelated case, *David Langley and David W. Langley, P.A. v. Elizabeth Hazan a/k/a Liza Hazan, and Sean Meehan*, Case No. 1:25-cv-21172-EIS pending before Judge Sanchez involves the same ploy exacted by Hazan and Meehan to avoid judgment. As outlined by the plaintiffs (David Langley, Esq. and his P.A.), he initially filed "a straightforward foreclosure action" in on October 20, 2022. *See* DEDL#7[10], at ¶1. "The Complaint includes a claim for attorney's fees incurred when Plaintiffs represented Defendant Hazan in various adversary proceedings and contested matters in her Chapter 11 bankruptcy action…." *Id*. On the day before trial was to begin, Hazan and Sean Meehan filed a Notice of Removal. *Id* at ¶3. Notably, the notice of removal in that action was purportedly filed on the day prior to an attorney named Steven Murphy was scheduled to testify, and according to plaintiffs would show that Hazan committed fraud in the Bankruptcy Action by failing to disclose the ownership and subsequent sale of Apartment 1A, East 62nd Street, New York, NY for "approximately $2,000,000.00." *Id* at ¶¶4, 7-10 ("Plaintiffs believe that the closing records subpoenaed from Steven Murphy will show that the proceeds of the sale of the New York Apartment ultimately went to Hazan. The Notice of Removal was intended by Hazan to prevent the disclosure of that information.").

36.     Like the concerted action taken by Hazan and Meehan in this Fourth Removal Action, plaintiffs in the Langley action also believe(d) that "the [f]ederal [r]emoval [was] also an improper attempt by Hazan to delay trial and prevent the disclosure of the [information concerning the sale of the NY apartment]." *Id* at ¶14.

37.     On April 24, 2025, Judge Sanchez remanded Case No. 1:25-cv-21172-EIS and granted the plaintiffs' request for attorney's fees and costs. *See* DEDL#14.

---

[10] DEDL # shall denote filings in Case No. 1:25-cv-21172-EIS.

## MEMORANDUM OF LAW

The Eleventh Circuit has repeatedly upheld injunctions entered by federal district courts barring vexatious pro se litigants from filing additional lawsuits subject to certain conditions. *See e.g., Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387-88 (11th Cir. 1993) (affirming the district court's dismissal of lawsuit based on injunction entered by Connecticut District Court barring plaintiff or anyone on his behalf from filing additional lawsuits). A district court has the inherent authority "to protect itself against abuses by pro se litigants." *See Thomas v. Christina*, No. 1:22-cv-20498-KMM, 2022 WL 1100851, at *3 (S.D. Fla. Apr. 13, 2022) (citing *Procup v. Strickland*, 792 F.2d 1069, 1073–74 (11th Cir. 1986); *Riccard v. Prudential Ins. Co*., 307 F.3d 1277, 1295 n.15 (11th Cir. 2002)). "Indeed, [t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Thomas v. Christina*, 2022 WL 1100851, at *3 (alteration in original) (internal quotations and citation omitted). A litigant is considered vexatious when he or she has "repeatedly abused the judicial process through a series of actions brought in state and federal courts" and "attempted to relitigate these issues, which were decided adversely to [him]." *In re Farris*, 330 F. App'x 833, 835 (11th Cir. 2009). "The right of access to the courts 'is neither absolute nor unconditional.'" *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) (quoting *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 516 (11th Cir. 1991)).

"[C]ourts have routinely 'restricte[ed] a vexatious litigant from filing anything without prior approval from the Court.'" *Graham v. ACI Worldwide Corp*., No. 1:23-CV-24830-KMM, 2024 WL 3791712, at *5 (S.D. Fla. Jan. 25, 2024) (quoting *Lustig v. Stone*, No. 15-20150-CIV-LENARD/GOODMAN, 2020 WL 3469719, at *22 (S.D. Fla. June 25, 2020)). Such injunctions may include a "pre-screening" procedure for the pro se litigant to follow before the Court will accept any future filing. *Barash v. Kates*, 586 F. Supp. 2d 1323, 1330 (S.D. Fla. 2008); *Garner v.*

*Orlando/Orange County Convention Center*, 2017 WL 3252442, at *4 (M.D. Fla. Jun. 22, 2017). Injunctions requiring future filings to be made by an attorney representing the pro se litigant without such a "pre-screening" requirement are also proper. *See Klayman v. DeLuca*, 712 Fed. Appx. 930, 933-34 (11th Cir. 2017); *Graham v. ACI Worldwide Corp.*, 2024 WL 3791712, at 5.

 "In making the determination whether the litigant's conduct is sufficient to justify the entry of what is referred to as a Martin-Trigona injunction to stop continued vexatious litigation by persons with a history of such litigation . . . with the primary object of the injunction, it is sufficient to show a history of litigation entailing vexation, harassment, and needless burden on the courts and their supporting personnel." *In re Dicks*, 306 B.R. 700, 705-06 (Bankr. M.D. Fla. 2004). Courts have "considerable discretion" "in designing injunctions to limit vexatious litigation." *Klayman*, 712 Fed. Appx. at 934 (citing *Procup*, 792 F.2d at 1074). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Buhannic v. TradingScreen, Inc.*, 2020 WL 4058949, at *7 (S.D.N.Y. Jul. 20, 2020).

In determining whether a vexatious litigant's access to the courts should be limited, courts should consider at least the following factors: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation and whether he has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether a lesser sanction would be adequate to protect the courts and other parties." *Lustig v. Stone*, 2020 WL 3469719, at *10; *Silva v. Swift*, 2020 WL 5523400, at *7-8 (N.D. Fla. Jun. 1, 2020) (citations omitted); *see also Dicks*, 306 B.R. at 706.

12

As to the first factor, Hazan and Meehan have filed four (4) removals of the Original Proceeding in addition to three (3) other removals of foreclosure or creditor adjacent litigation. Each notice of removal, whether against Plaintiff or other parties, are almost identical and provide limited or no information explaining why this Court has federal jurisdiction – either diversity jurisdiction or federal question jurisdiction. The First Removal Action, Second Removal Action, Third Removal Action, and this Fourth Removal Action are duplicative of one another and were each filed for only one purpose- ***delay***.

The second factor supports entry of the injunctive relief. Judge Gayles, Judge Altman, and Magistrate Judge Elfenbein have each considered and dismissed all bases of removal claimed in the Fourth Removal Notice. *See e.g.* First Remand Order; SR Order; Reconsideration Denial Order; Third Remand Order. The parties are not diverse, removal is untimely, not all defendants consent to the Fourth Removal Action, there are no federal questions, the Original Proceeding is not related to the Bankruptcy Action, the Original Proceeding has no relation, whatsoever, to a civil rights case, and this Court cannot review or reconsider the previous remand orders. *See e.g.* First Remand Order; Reconsideration Denial Order.

As to the third factor - whether the litigant has had an attorney – neither Hazan nor Meehan have filed any of the removal actions through an attorney. In fact, Mr. Rudd, who is counsel to 6913 Valencia before the State Court, failed to join or sign with in the Fourth Removal Notice and this Fourth Removal Action.

As to the fourth factor, Plaintiff has now four (4) times sought remand for the same issues complained in the Fourth Removal Notice. Each time Meehan or Hazan files a notice of removal, the State Court loses jurisdiction and adjudication of the Original Proceeding is frustrated. During such time, Hazan fails to pay her ongoing post-Bankruptcy Action assessments, delays

enforcement of the years of unpaid post-Bankruptcy Action assessments, and forces Plaintiff to incur significant fees and costs.

As to the fifth factor, whether any lesser sanction would protect the courts and the other parties, Plaintiff sees no other alternative. The Original Proceeding, and the various other actions that have been removed, deal with the defedants' failure to pay ongoing obligations. It appears that any monetary sanction is not likely to be recovered.

Lastly, Plaintiff requests its attorney's fees and costs relating to this motion and this Fourth Removal Action. "[P]ro se filings do not serve as an 'impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988); *see also Barash v. Kates*, 586 F.Supp. 2d 1323, 1330 (S.D. Fla. 2008) (granting motion for sanctions against pro se litigant where litigant filed numerous unsupported filings, cluttered the docket with unnecessary filings, and personally attacked defendant and her counsel and accused them of lying). Similarly, "a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-46 (1991) (court has discretion and "ability to fashion an appropriate sanction for conduct which abuses the judicial process…"); *see also In re Micron Devices, Inc.*, 657 B.R. 897, 902 (S.D. Fla. 2024) (bankruptcy court did not err in sanctioning pro se party under 28 U.S.C. § 1927); *Sassower v. Field*, 973 F.2d 75, 80-81 (2d Cir. 1992) (citing *Chambers*, affirming sanctions awarded against a non-lawyer pro se litigant under the court's inherent authority to sanction parties appearing before it).

It is clear that Hazan and Meehan are proceeding in bad faith, vexatiously, wantonly, and for an improper purpose. This Fourth Removal Action is meritless, and only seeks to abuse the

jurisdiction of the Court to delay and impede the Original Proceeding. Upon finding entitlement to its attorney's fees and costs, Plaintiff shall file the necessary evidence, affidavits, and other documents evidencing all attorney's fees and costs in this Fourth Removal Action.

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests that the Court grant this motion, find both Hazan and Meehan vexatious litigants and place limitations on filings including, but not limited to, the following: (i) finding and adjudicating that any further removals of the Original Proceeding by Hazan or Meehan are a nullity absent such notice being signed and filed by Florida Bar attorney; (ii) finding and adjudicating that Hazan and/or Meehan are enjoined from removing, contesting, disputing, challenging, appealing, or preventing the State Court from adjudicating the Original Proceeding from continuing advancing, proceeding, progressing, adjudicating, or concluding; (iii) should Hazan and/or Meehan fail to comply with such an order, permitting Plaintiff to reopen this matter to file a motion for order to show cause why Hazan and/or Meehan should not be held in contempt, which may include civil contempt, criminal contempt and/or other sanctions that the Court finds appropriate; (iv) finding that Plaintiff is entitled to its attorneys' fees and costs for prosecuting this motion and setting further briefing on the amount of attorneys' fees and costs; and (v) such further and other relief as the Court deem just and proper.

Dated: July 28, 2025                    Respectfully Submitted,

                                        **BARRY S. TURNER P.A.**
                                        *Counsel for Plaintiff*
                                        PO Box 330189
                                        Miami, Florida 33233-0189
                                        Phone: (305) 699-4392
                                        Email: bt@bstpa.com

                                        By:    /s/ *Barry S. Turner*
                                               Barry S. Turner, Esq.
                                               Fla. Bar No. 85535

## STATEMENT AS TO GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I certify that the undersigned counsel for Plaintiff has conferred via email with Hazan and Meehan, respectively, on July 25, 2025. Hazan and Meehan failed to respond to the July 25, 2025 email.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 28, 2025, I electronically filed the foregoing via CM/ECF and by automatic emails generated through the E-Filing Portal System and served the foregoing document on the following parties:

Elizabeth Hazan
6913 Valencia Drive
Miami, FL 33109
*Pro se Defendant*
***Via US Mail***

Sean Meehan
6913 Valencia Drive
Miami, FL 33109
*Pro se Defendant*
***Via US Mail***

6913 Valencia LLC
c/o Aubrey George Rudd, Esq.
100 Edgewater Dr Apt 312
Coral Gables, FL 33133-6939
*State Court Counsel to 6913 Valencia LLC*
***Via US Mail***

By:     /s/ *Barry S. Turner*
             Barry S. Turner, Esq.
             Fla. Bar No. 85535