UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-23294-ELFENBEIN

**VALENCIA ESTATES HOMEOWNERS ASSOCIATION, INC.,**

 Plaintiff,

v.

**ELIZABETH HAZAN** *et al*,

 Defendants.
_____/

## **ORDER REMANDING CASE**

 **THIS CAUSE** is before the Court on a *sua sponte* review of the record. On July 23, 2025, Defendants Elizabeth Hazan and Sean Neil Meehan (the "Removing Defendants"), as *pro se* litigants, filed a Notice of Removal in which they allege the Court has jurisdiction under 28 U.S.C. §§ 1331 and 1332.[1] Pursuant to 28 U.S.C. § 1914(a), a defendant seeking removal to federal court must pay a filing fee, unless they are granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. On July 28, 2025, the Clerk of Court issued a notice advising Defendants that the "[c]ase [was] not filed with required filing fees of $ 405.00 . . . pursuant to 28 U.S.C. 1914(a), and the CM/ECF Administrative Procedures." *See* ECF No. [8]. That same day, the Court entered a Paperless Order requiring the Removing Defendants to either: (1) pay the filing fee and file a Notice of Compliance; or (2) file a motion to proceed *in forma pauperis* by July 29, 2025, and

---

[1] The Removing Defendants have attempted removal thrice before on the same bases alleged in the current Notice of Removal and each attempt has been remanded by District Court Judges of this District as well as undersigned. *See* Order, No. 23-CV-24780-DPG, ECF No. [30]; Order, No. 24-CV-24879-RKA, ECF No. [36]; Order, No. 25-CV-21283-MFE, ECF No. [16].

expressly warned that failure to comply would result in remand of this action without further notice. *See* ECF No. [9].

To date, the Removing Defendants have failed to either: (1) pay the required filing fee; or (2) submit a motion to proceed *in forma pauperis*. Compliance with the procedural requirements of 28 U.S.C. § 1446(a) and § 1914(a) is a prerequisite for removal. The failure to satisfy these requirements renders removal improper and warrants remand.[2]

It is **ORDERED and ADJUDGED** that:

1. This action is **REMANDED** back to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

2. The Clerk of Court is directed to **CLOSE** this case. All deadlines and hearings are **TERMINATED**, and any pending motions are **DENIED** as **MOOT**.

**DONE and ORDERED** in Chambers in Miami, Florida on July 31, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All counsel of record

**Elizabeth Hazan**
6913 Valencia Drive
Miami, FL 33109
*PRO SE*

---

[2] It is generally accepted that a magistrate judge can remand an action because that involves non-dispositive relief under 28 U.S.C. § 636(b)(1)(A). *See Fun Depot, Inc. v. Carefree Park Corp.*, No. 05-CV-80969, 2006 WL 8433659, at *10, n.11 (S.D. Fla. Feb. 16, 2006) (citing, *Johnson v. Wyeth,* 313 F. Supp. 2d 1272, 1272-73 (N.D. Ala. 2004) (collecting cases and concluding the same); *but cf. In re U.S. Healthcare,* 159 F.3d 142, 145 (3d Cir. 1998) (order *granting* motion for remand is dispositive)). "On the other hand, the parties should note that although this Order is not immediately reviewable, it could form the basis of an appeal at the conclusion of the case and if tied to an appealable final judgment." *Id*. (citing *Capital Bancshares, Inc. v. North Am. Guar. Ins. Co.,* 433 F.2d 279 (5th Cir. 1970)). Therefore, to obtain appellate review before final judgment, a party must first file objections to this Order and seek de novo review at which point a District Judge will be assigned and can treat this Order as a Report and Recommendation. *Id*. (citing S.D. Fla. Mag. R. 4(b)).

CASE NO. 25-CV-23294-ELFENBEIN

**Sean Neil Meehan**
6913 Valencia Drive
Miami, FL 33109
*PRO SE*